**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSHUA HEBERT AND** | ) | |
| **JODIE HEBERT** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO.: 4:19-CV-2056** |
| | ) | |
| **USAA GENERAL INDEMNITY** | ) | |
| **COMPANY** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

---

## COMPLAINT

COMES NOW the Plaintiffs, JOSHUA HEBERT AND JODIE HEBERT, by and through their undersigned attorney, and for the relief hereinafter requested, alleges as follows:

### JURISDICTION

1.      This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiff, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

### VENUE

2.      The property made the basis of this action is located at 5734 Cerritos Dr., Houston, Texas 77035 (hereinafter referred to as the "insured property"). The

insured property is situated in the Southern District of Texas, Houston Division, and venue is proper in this Court pursuant to 42 U.S.C. Section 4072.

## PARTIES

3.    The Plaintiffs, JOSHUA HEBERT AND JODIE HEBERT, are individuals who were, and still are, the owners of the insured property and have been at all times material to the allegations set forth in this Complaint.

4.    The Defendant, USAA General Indemnity Company (hereinafter referred to as "USAA") is a foreign licensed insurance company participating in FEMA's "Write Your Own" (WYO) program. USAA issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), USAA is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy. USAA can be served by serving its agent for service of process, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78707-3218.

## FACTUAL ALLEGATIONS
## COMMON TO ALL COUNTS

5.    On February 1, 2017, USAA issued an SFIP to Plaintiff, namely, Policy No. 095768271F, for a one (1) year period which was in full force and effect on August 27, 2017, whereby USAA agreed to pay the Plaintiff for any direct physical loss to the insured property caused by or from a "flood" as defined by the policy. In lieu of attaching the policy hereto, the Plaintiffs incorporate by reference, as a part hereof, the terms and provisions of the SFIP, Dwelling Form, as set forth in 44

C.F.R. Section 61, Appendix A(1), which is the policy issued by USAA to the Plaintiffs during the above-referenced time period.

6.      The SFIP issued to the Plaintiffs covered flood damage to the Plaintiffs' dwelling and other structures as described under Coverage A up to a limit of $190,000.00 (subject to a $5,000 deductible); Coverage B for contents up to a limit of $20,000.00 (subject to a $5,000 deductible) and costs incurred to comply with state or local flood plain management laws or ordinances affecting the repair or reconstruction of a structure suffering flood damage as described under Coverage D ( also known as Increased Cost of Compliance or I.C.C.) up to a limit of $30,000.

7.      On or about August 27, 2017, the flood waters of Hurricane Harvey and/or the rain and storm water associated with Hurricane Harvey inundated the Plaintiffs' land and the surrounding area causing flood waters to enter the Plaintiffs' dwelling. As a direct and proximate result of the flooding, the Plaintiffs suffered a direct physical loss to their dwelling and contents.

8.      The Plaintiffs timely notified the Defendant of the loss and the claim was inspected and adjusted by or on behalf of the Defendant. The Plaintiffs' claim was denied, in whole or in part.

9.      The Plaintiffs disagree with such denial of the claim and alleges that the action taken on the claim by USAA does not comply with the terms and provisions of the SFIP and/or does not fully compensate the Plaintiffs for the direct physical losses sustained as a result of the flood.

## COUNT ONE
## BREACH OF CONTRACT

10.    The Plaintiffs hereby adopt and incorporate by reference the allegations contained in Paragraphs 1 through 9 above as a part of Count One of this Complaint.

11.    The Defendant has failed or refused to pay the full amount due under the policy and has otherwise failed or refused to comply with the terms and provisions of the policy. As a result thereof, the Defendant has breached the contract of insurance herein described.

12.    As a direct and proximate consequence of the Defendant's breach of said contract, the Plaintiffs have not been fully paid or compensated for damage to the insured building.

WHEREFORE, the Plaintiffs demands judgment against the Defendant for an amount up to and including the coverage limits under Coverage A; any and all other amounts payable under said policy; costs and case expenses incurred in filing this action; and any and all other appropriate relief to which the Plaintiffs may be entitled. Dated this 6th day of June, 2019.

Martin L. Mayo and Associates, P.C.

/s/ Martin L. Mayo
Martin L. Mayo
Federal Bar No. 6369
State Bar No. 13297875
5005 Riverway Drive, Suite 450
Houston, TX 77056
Telephone: (713) 358-2140
Facsimile: (713) 358-2141
E-mail: mmayo@martinmayolaw.com